UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-Civ-23912-COOKE

NEGRON EDUARDO FIGUEROA,

    Plaintiff,

v.

HECTOR LUIS DELGADO RO EL FATHER,

    Defendant.
_____/

## ORDER OF DISMISSAL

THIS CASE is before me upon a *sua sponte* review of the record. On October 25, 2017, Plaintiff filed a Complaint (ECF No. 1) against Defendant Hector Luis Delgado Ro El Father. After reviewing Plaintiff's Complaint, the record, relevant legal authorities, and for the reasons explained below, Plaintiff's Complaint is dismissed without prejudice.

### I.    DISCUSSION

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as de facto counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

Plaintiff's Complaint is extremely similar to a Complaint he filed in a previous case with this Court earlier this year, *Figueroa v. Arena*, Case No. 17-cv-22024-MGC. As in *Arena*, which was dismissed without prejudice for failure to adhere to the requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's Complaint in the instant case borders on incomprehensibility. Plaintiff again appears to allege that he, his ex wife, and his son were raped in 2007 or 2003, *see* Compl., p. 2., and then goes on to list various names of celebrities

and other people, as well as the addresses of people, restaurants, and/or other locations. *Id.*, p. 2–6. The next portion of the Complaint that contains more than a list of names or places states as follows:

> Fundador Figueroa Negron and wife your children the wife of their children Ermeralda Figueroa and his mother and brothers and the husband has an uncle and an aunt and they have two children they lived in Chicago Illinois they are dangerous I'm threatened of death if the demanding the arrested these people they are dangerous they are going to die people children judges fiscal innocent I need you give me a date to the court for declaration more missing people that I can identify. this woman's family is dangerous Tamara Ramos Rivera Ivette Ramos Rivera Lorisa Ramos Rivera David Ramos Rivera and the sons. husband of Tamara Ramos Riveras alias pacun parents and brother and sister. Tamara Ramos Rivera Phone 1 787-204.7550.

*Id.*, at p. 7. Despite the many names included throughout the eleven-page Complaint, Plaintiff mentions Defendant only once. *Id.*, at p. 1.

On its face, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff has not cited to any law whatsoever to help identify a cause of action that would entitle him to the 10 billion dollars he seeks in relief, nor has he provided any explanation as to how this Court has jurisdiction over this case. Notwithstanding the pleading leniency afforded to *pro se* plaintiffs, it is not the Court's responsibility to discover claims for relief. Plaintiff's Complaint fails to include factual allegations sufficient to raise a right to relief above the speculative level and therefore, fails to state a claim upon which relief can be granted. Additionally, although the Complaint sets forth several statements, they do not collectively establish, or put Defendant on notice, of any viable causes of action Plaintiff intends to pursue. *See Anderson v. Dist Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364 (11th Cir. 1996) (holding that plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"). Accordingly, Plaintiff's Complaint is dismissed. *See Driessen ex rel B.O. v. Fla. Dept. Children & Families*, 351 F. App'x 355, 355 (11th Cir. 2009) (per curiam) (affirming a district court's *sua sponte* dismissal under Rule 8(a) for failure to state a claim).

## II. CONCLUSION

For the reasons explained in this Order, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 12th day of December 2017.

/s/ Marcia G. Cooke
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Negron Eduardo Figueroa,* pro se
*P.O. Box 173494*
*Tampa, FL 33672*